## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Misc. Case No.  06-00305 |
| Chapter 13 Fee Applications | § | |

## MEMORANDUM OPINION AND ORDER
## AMENDING LOCAL PROCEDURES FOR CHAPTER 13 FEE APPLICATIONS[1]

On October 17, 2005, the prosecution of chapter 13 bankruptcy cases in the Southern

District of Texas changed dramatically when the following became effective:

- most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA);

- new bankruptcy local rules;

- new national bankruptcy rules;[2]

- new national official forms;

- new local official forms.

By all accounts, the changes have required chapter 13 debtors' attorneys to spend more

time with their clients and more time in the general prosecution of their cases.   The Court

recognizes that these changes produced transitional costs that required attorneys to update their

own procedures.   However, the Court also recognizes that many of the changes impose

additional time requirements that are permanent in the fabric of post-October 17, 2005 chapter

13 cases.

---

[1]   As in General Order 2004-5, the reasoning set forth in this Memorandum Opinion and Order is Judge Isgur's.  As indicated by the signatures below, all of the Bankruptcy Judges of the Southern District of Texas fully adopt the procedures set forth in this Order.  However, all of the Judges who join in the procedures do not necessarily join in all of the legal reasoning set forth in this Memorandum Opinion and Order.

[2]   The new national rules have not yet been adopted by the Supreme Court.  However, this Court and most others implemented the interim national rules by local order.

On March 8, 2006, chapter 13 trustee David G. Peake filed a motion with Chief Judge Karen Brown seeking to increase the maximum amount of fixed fees that may be awarded to chapter 13 debtors' attorneys. Judge Brown caused the motion to be docketed as a miscellaneous matter on the Court's docket and scheduled a hearing before all of the Bankruptcy Judges of the Southern District of Texas.

On May 4, 2006, Judge Brown convened the *en banc* hearing. Mr. Peake appeared and was represented by counsel. Chapter 13 trustee William Heitkamp also appeared. The Court considered evidence and arguments from nine attorneys who regularly appear in chapter 13 cases, including those who typically represent debtors and those who typically represent creditors. Judge Brown had previously assigned two attorneys to represent the interests of future debtors. Those attorneys also appeared at the May 4, 2006 hearing.

After consideration of the evidence and arguments at the May 4, 2006 hearing, Judge Brown issued an order regarding additional evidence and arguments that needed to be considered by the Court. In general, Judge Brown solicited additional information regarding the interplay between payment of chapter 13 attorneys fees and payment of adequate protection under BAPCPA. The hearing was reconvened on September 13, 2006.

Currently, fixed fee procedures are guided by this Court's General Order 2004-5. That order allows counsel to be paid on either a fixed fee basis or an hourly fee basis. If counsel elects the fixed fee arrangement, no fee application is required and counsel receives fixed fees with either a $2,050 or $2,460 maximum.[3] The fixed fee procedures have gained wide

---

[3] The $2,050 maximum is for attorneys who were paid out of first available funds. The $2,460 maximum is for those who opt to receive their payment out of only a portion of available funds.

acceptance among the bar.  In the first six months of 2005,[4] there were 5,513 new chapter 13 filings in the Southern District of Texas.  Over that same period of time, there were 4,632 fixed fee agreements filed.  Accordingly, the fixed fee arrangements are widely used in this District. However, the recent changes to the bankruptcy laws, rules and procedures have imposed additional costs and time requirements on chapter 13 debtors' counsel so that it is appropriate to consider an increase in the maximum amount of the fixed fees.

### Summary of Relief Granted

As set forth in more detail below, the Court grants the following relief:

1.  Chapter 13 debtors' counsel may be compensated on a fixed fee or on an hourly fee basis.

2.  The maximum fixed fee that may be charged is $3,085.00.  This amount includes general expenses, but does not include filing fees.

3.  Absent exceptional circumstances, the fixed fee includes all work through 120 days after confirmation of the chapter 13 plan.

4.  The maximum fixed fee is reduced to $2,700.00 for cases that are dismissed before confirmation or within 120 days after confirmation.

5.  Counsel may elect to perform the following services for a fixed fee, including all hourly charges and expenses:

    A.  Respond to motions for relief from the stay or motions to dismiss the bankruptcy case that are filed after 120 days after confirmation for an additional fixed fee of $275.00; and,

    B.  Prosecute motions to modify confirmed plans for an additional fixed fee of $450.00 if the motion is filed after the expiration of 120 days.

6.  All debtors' counsel (whether on a fixed fee or hourly fee basis) will remain debtors' counsel throughout the chapter 13 case unless relieved of that duty by order of the Court.  Counsel will be responsible for attempting to obtain the chapter 13 discharge at the conclusion of the case.  The fee for attempting to

---

[4]  This time period was selected because it reflects a stable time period.  General Order 2004-5 was adopted in April 2004.  The starting date of January 1, 2005 follows the transitional period for the order.  Immediately prior to October 17, 2005, there was a dramatic increase in filings.  The Court ended its analysis in June, 2005, in order to avoid any distortion that may have arisen from the October 17, 2005 events.

obtain the discharge will be $100.00 if the Debtor is eligible to utilize the Court's standard motion for entry of a chapter 13 discharge; in other instances, the Court may award a higher amount for good cause shown.

## Background and Legal Standards

Section 330(a)(4)(B) of the Bankruptcy Code explicitly provides for reasonable compensation to debtors' attorneys "for representing interests of the debtor in connection with the bankruptcy case." In determining the amount of reasonable compensation, the court must consider the benefit and necessity of the services to the debtor and the other factors set forth in § 330. 11 U.S.C. § 330(a)(4)(B). The other factors set forth in § 330 include:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The use of the word "including" in § 330(a)(3) indicates that the list is not exhaustive. 11 U.S.C. § 102(3); *In re Lan Assoc. XI, L.P.,* 192 F.3d 109, 123 (3d Cir. 1999). Indeed, § 330(a)(3) mandates the consideration of *all* relevant factors. These factors generally include the twelve *Johnson* factors. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are:

> (1) the time and labor required to litigate the matter; (2) the novelty and complicatedness of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case imposed time constraints; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) whether the case was "undesirable"; (11) the type of attorney-client relationship and

whether the relationship was long-standing; and (12) awards made in similar cases.

*Green v. Adm'rs of Tulane Educ'l Fund,* 284 F.3d 642, 661 (5th Cir. 2002)(citing *Johnson,* 488 F.2d at 717-19).

Bankruptcy Rule 2016(a) requires that an entity seeking compensation from a chapter 13 bankruptcy estate must file an application with the Court. When chapter 13 debtors' counsel seeks payment out of future earnings either directly from the debtors or through a chapter 13 plan, the requested compensation is from the bankruptcy estate. *See* 11 U.S.C. § 1306(a).

Bankruptcy Local Rule ("BLR") 2016(c) provides as follows:

(c) Chapter 13 debtor's attorneys may seek attorneys' fees on a fixed fee basis or a lodestar basis as follows:

    (1)    Fixed fee agreements must be filed within 15 days of the petition date and be in the form promulgated from time-to-time by the Bankruptcy Court.

    (2)    Lodestar applications must include (A) a cover sheet in the form promulgated from time-to-time by the Bankruptcy Court, (B) attached, detailed, contemporaneous time records; (C) a statement setting forth the basis of the retention (i.e., whether the retention was on a fixed or hourly fee basis and any other pertinent details); and (D) a narrative description setting forth any unique, unusual or time consuming issues particular to the chapter 13 case. A copy of the lodestar fee application, with required attachments, must be sent to the court's case manager.

The "form" for fixed fee agreement that is required by BLR 2016(c)(1) originated with General Order 2004-5. The Fifth Circuit has described this Court's General Order 2004-5 as follows:

General Order 2004-5 attempts to clarify and streamline bankruptcy courts' review of Chapter 13 attorneys' fee applications, addressing the need for both efficiency and flexibility in handling the large number of Chapter 13 cases that bankruptcy courts in the Southern District of Texas review each year. General Order 2004-5 at 427; cf. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (noting that "[a] request for attorneys' fees should not result

in a second major litigation."). To this end, General Order 2004-5 provides bankruptcy courts with reasonable attorney time estimates for completing a "typical" Chapter 13 case and customary rates for Chapter 13 services in the Southern District of Texas, which, when multiplied together, yield a typical lodestar amount of $1737. General Order 2004-5 at 433. This precalculated lodestar aids bankruptcy courts in disposing of run-of-the-mill Chapter 13 fee applications expeditiously and uniformly, obviating the need for bankruptcy courts to make the same findings of fact regarding reasonable attorney time expenditures and rates in typical cases for each fee application that they review.

…

General Order 2004-5 nevertheless anticipates that bankruptcy courts evaluating traditional fee applications will continue to analyze and adjust fee applications on a case-by-case basis using the lodestar analysis and flexible *Johnson* factors, ensuring that the lodestar amount in an atypical case will be adjusted to reflect the specifics of that case. *Id.* at 2. This approach strikes the proper balance between the need for efficient disposal of attorneys' fee applications and the need for a flexible approach that provides for adjustment of the lodestar when necessary.

*In re Cahill,* 428 F.3d 536, 540-41 (5th Cir. 2005).

General Order 2004-5 provided that the fixed fee amounts established in that order would be adjusted from time to time.  Consistent with General Order 2004-5 and the Fifth Circuit's reasoning in *Cahill,* this Court now makes appropriate adjustments to the "precalculated lodestar" fee on a fixed fee basis.  Moreover, because of the changes that arose on October 17, 2005, this Court has modified the requirements of the fixed fee agreement.

### Incorporation of General Order 2004-5

General Order 2004-5 sets forth the factual and legal basis for the establishment of a fixed fee procedure for chapter 13 bankruptcy cases.  Although the October 17, 2005 events necessitate the changes set forth in this order, the Court finds that the reasoning contained in General Order 2004-5 remains correct.  Accordingly, the reasoning set forth in General Order 2004-5 is incorporated into this Order.

**Non-Monetary Changes to Fixed Fee Agreements**

As set forth above, BLR 2016(c) provides that fixed fee agreements must be filed using the form promulgated from time-to-time by the Court. Changes in the law effective October 17, 2005 require changes to the standard form.

The new standard, fixed fee agreement, hereby adopted by the Court, is attached as Addendum "A" to this Order. The changes are as follows:

1. The form agreement has been updated to require that all forms required by § 521 of the Bankruptcy Code must be filed as part of the fixed fee agreement. The old form of agreement referenced schedules and statements. BAPCPA now requires the filing of certain forms and papers that are not "schedules and statements." Accordingly, paragraph 1.C now requires counsel to:

> Prepare and file the documents required by § 521 of the Bankruptcy Code and any required amendments.

2. The old fixed fee form gave counsel an option of payment terms. Changes in BAPCPA, changes to BLR 3015(b) (implementing the new Home Mortgage Payment Procedures), and changes to BLR 4001(e) (implementing an initial adequate protection order issued in all chapter 13 cases) now give priority to certain lenders for adequate protection payments. *See* 11 U.S.C. § 507(b); *In re Desardi,* 340 B.R. 790 (Bankr. S.D. Tex. 2006). Because of this enhanced priority, debtors' counsel will be paid on a "first out" basis in only very rare cases.[5] In order to make the fee process less confusing, the Court has eliminated the payment term options. Counsel will be paid out of the first available funds, but the first

---

[5] This opinion is issued based on the chapter 13 rules and procedures in effect as of this date. The Court reviews its own rules and procedures periodically. Moreover, the rules and procedures may be reviewed on motion. The Court does not imply that the priorities and adequate protection payments described in *In re Desardi,* 340 B.R. 790 (Bankr. S.D. Tex. 2006) are not subject to change. Following the September 13, 2006 hearing and by agreement of the entire Court, Chief Judge Brown requested that the Houston Bar Association's bankruptcy section consider and make a recommendation to the Court whether the current adequate protection payment system should be changed. Any changes to the adequate protection system may necessitate prospective changes to this order.

"available" funds are those that are available after considering the priorities imposed by the statute and local rules. *Id.*

3.    The new form mandates that counsel attempt to obtain the chapter 13 discharge as part of the fixed fee agreement.   Additional compensation is provided for these efforts.   This change is necessitated by amendments to § 1328 of the Bankruptcy Code.  Chapter 13 discharges are no longer automatic.   The Court has determined that the provision of services required to obtain the discharge is an essential element of any chapter 13 representation.   Attached as Addendum "B" is a standard form of "Debtors' Certification, Motion for Entry of Chapter 13 Discharge and Proposed Discharge Order" that should be utilized when appropriate.   If that standard form may be utilized, the fee will be a maximum of $100.00, without the need for an application.  If the standard form cannot be used, counsel may apply for an award of in excess of $100.00.  Paragraph 3 of the form agreement now reads as follows:

I have agreed to the following fees and reimbursements:

A.   I have agreed to a fixed fee (including all expenses except reimbursement of the filing fee) in the amount of $_____[insert amount not to exceed $3,085.00]. I have received $_____ for representing the Debtor in this case.  Therefore the balance due from the trustee as an administrative expense is $_____.   I agree that if the case is dismissed before the plan is confirmed or less than 120 days after confirmation, the maximum fee allowed under this provision is $2,700.00.

B.   I have advanced the filing fee of $_____.  [If no filing fees have been advanced, insert $0.00].   Therefore, in addition to the amounts set forth above, the trustee shall reimburse to me that sum as an administrative expense of the estate.

C.   I will provide those services required after the Debtor makes the final payment required under the chapter 13 plan to assist my client in obtaining a chapter 13 discharge.  When I provide those services, I will be paid an additional $_____ [insert amount not to exceed $100.00.]  If the services required to obtain the discharge are extraordinary, I may apply for additional fees.

4.    The agreement now requires counsel to certify that he or she spent a minimum of one hour of office time with the prospective debtor before the filing of the bankruptcy petition. Based on the evidence considered at the May 4, 2006 hearing, the Court has concluded that

8

adequate counsel cannot be provided in any lesser amount of time.  This minimum amount of time must be spent with a licensed attorney and may not be delegated to paralegals or support staff.[6]  Accordingly, paragraph 6 now reads as follows:

Counsel Certifications:

A.    I certify that the foregoing is a true and correct statement of the compensation that I have been paid or that has been agreed to be paid to me.

B.    I certify that the debtor met, in person, with the undersigned attorney or with another attorney supervised by the undersigned and who is licensed to practice law.  The meeting(s) with a licensed attorney lasted for not less than 1 hour.  I understand that time spent exclusively with a paralegal or other person not licensed to practice law may not be included in the 1 hour.

### Monetary Changes to Fixed Fee Agreements

The hearing on Mr. Peake's motion largely focused on the additional time that debtors' counsel was required to spend  in a chapter 13 case.  The Court has concluded that substantial additional time is required to provide the mandatory services in a chapter 13 bankruptcy case in this District—indeed, more than anticipated under General Order 2004-5.

BAPCPA imposes a number of new requirements on chapter 13 debtors and their counsel.[7]  Although the following list is not exhaustive, the following additional duties may have a material effect on the appropriate fees to be charged in a chapter 13 bankruptcy case:

1.    Section 109(h) imposes a credit counseling requirement on debtors, and § 1328(g) mandates an instructional course in personal financial management.  In most instances, debtors' counsel will be arranging for the counseling and the course.

2.    Section 521(a) requires debtors to complete all or part of a complex form detailing their income and expenses (Form B22).

---

[6]   In some cases, one hour may be insufficient, and the Court urges counsel to carefully assess this issue for each client.

[7]   The Court notes that some of these requirements are imposed on Debt Relief Agencies.  The Court is aware that cases in other jurisdictions challenge whether counsel are a debt relief agency under § 101(12A) of the Bankruptcy Code.  The Court does not address the merits of that dispute.  Instead, the Court notes that—pending a controlling decision—counsel appear to be assuming that they are debt relief agencies under BAPCPA and that the attendant costs are being incurred.

3.      Section 521(a) mandates that debtors provide pay advices.

4.      Section 521(e) requires that federal income tax returns or transcripts be provided to the trustee not later than 7 days before the first date set for the § 341 meeting of creditors.

5.      Section 527(a)(1) requires written notice concerning bankruptcy alternatives (Form 201).

6.      Section 527(a)(2) mandates a clear and conspicuous statement regarding the need for honesty in the debtors' schedules and statements.

7.      Section 527(b) requires notice regarding the availability of *pro se* relief and certain other disclosures.

8.      Section 527(c) requires that the attorney either (1) provide the information for the required schedules and statement, or (2) give instructions on how the schedules and statements must be completed.  This includes information on how to value assets at replacement value, how to calculate income in a bankruptcy case, and how to determine exempt property.

Taken as a whole, these and other requirements substantially increase the amount of time that an attorney must spend on a chapter 13 case.  Overall, the evidence before the Court reflects that the actual amount of time being spent in cases filed on or after October 17, 2005, has substantially increased.

Nevertheless, the Court also concludes that certain new procedures in the Southern District of Texas have reduced the cost of providing services in chapter 13 cases.  First, the Court now mandates payment orders.  Generally, these orders provide for chapter 13 trustee payments to be made either by a wage deduction order or by an automated clearinghouse debit from the debtors' checking account.  These procedures were implemented to (1) reduce the number of chapter 13 cases that are dismissed for non-payment, and (2) reduce the number of motions for relief from the automatic stay filed by holders of liens on homes and cars.  Because the fixed fee agreement governs fees through 120 days after confirmation, any reduction in these motions for relief from stay reduces the amount of required time by attorneys.  Although the data is

preliminary, only approximately 260 motions for relief from the automatic stay were filed in the 2,425 new chapter 13 cases filed between January 1, 2006, and June 30, 2006, a rate of only 10.6%. During the identical period in 2005, there were approximately 1,695 motions for relief from the stay filed in the 5,513 new chapter 13 cases, a rate of 31%. This dramatic decline in the number of motions for relief from the stay should reduce the overall number of hours required in a typical chapter 13 bankruptcy case.

Second, the Court has provided new procedures for expedited confirmation of chapter 13 plans. If a proposed plan has drawn no objections and is recommended by the chapter 13 trustee, neither debtors nor debtors' counsel must attend the confirmation hearing.

Third, the Court has provided standard forms for "agreed orders" in chapter 13 motions for relief from the stay on homes and automobiles. These standard forms eliminate the need for extensive review of each word of a proposed order; the words are not negotiable unless exceptional circumstances exist. Additionally, more motions for relief are being resolved by agreement because of new conferencing requirements adopted in this District. Attendance at the hearing is not required if agreed orders are filed sufficiently in advance of the hearing.

Thus, the Court must reconsider the estimated time obligations in representing a chapter 13 debtor both upwards and downwards where appropriate. General Order 2004-5 adopted the following chart as the estimated time required in a "typical" chapter 13 bankruptcy case:

| Category | Estimated Attorney Time | Estimated Paralegal Time |
|---|---|---|
| Prepetition client consultations | 0.5 | 0.3 |
| Postpetition client consultations | 0.7 | 1.0 |
| Schedules and plan | 0.8 | 2.0 |
| Amendments | 0.7 | 0.5 |
| Section 341 meeting | 1.0 | 0.0 |
| Creditor contacts | 0.3 | 0.5 |
| Proof of claim review | 0.1 | 0.6 |
| Responding to Trustee motions to dismiss | 0.3 | 0.0 |
| Responding to motions for relief from the stay[8] | 0.5 | 0.0 |
| Plan confirmation | 0.5 | 0.0 |
| Post confirmation matters | 0.3 | 0.4 |
| Total | 5.7 | 5.3 |

Based on the evidence at the May 4, 2006 hearing, and other factors identified in this opinion, the Court has made a substantial upward adjustment in its estimated time spent in a typical chapter 13 bankruptcy case.  The revised estimate is:

| Category | Estimated Attorney Time | Estimated Paralegal Time |
|---|---|---|
| Prepetition client consultations | 1.5 | 1.5 |
| Postpetition client consultations | 0.7 | 1.0 |
| Schedules and plan | 1.0 | 3.0 |
| Amendments | 0.7 | 0.5 |
| Section 341 meeting | 1.0 | 0.0 |
| Creditor contacts | 0.3 | 0.5 |
| Proof of claim review | 0.1 | 0.6 |
| Responding to Trustee motions to dismiss | 0.2 | 0.0 |
| Responding to motions for relief from the stay[8] | 0.3 | 0.0 |
| Plan confirmation | 0.3 | 0.0 |
| Post confirmation matters | 0.3 | 0.4 |
| Total | 6.4 | 7.5 |

---

[8] Not every case includes a motion to lift stay.  As with all other categories, this estimate is intended to reflect an average for all cases, including those with no motions or multiple motions for relief from the stay.

General Order 2004-5 provides a complete analysis of the application of the lodestar factors to the number of hours that counsel spends providing services in a chapter 13 bankruptcy case. No party has challenged the methodology or reasoning used by the Court in that order. Accordingly, it is adopted here.

General Order 2004-5 established reasonable hourly rates for professionals in chapter 13 cases at $235.00 for attorneys and at $75.00 for paralegals. At the May 4, 2006 hearing, several arguments were advanced for an increase in the applicable hourly rate. First, parties argued that attorneys' rates had generally increased. Second, parties argued that the substantial decline in the number of chapter 13 cases would make it more expensive to provide services because of the need to allocate overhead costs. Third, parties argued that general inflationary factors should be considered.

Attorneys fees should be governed by the market. *See* General Order 2004-5 and cases cited therein. In general, markets drive down prices when demand lags. In this District, there has been a dramatic decline in the number of new chapter 13 cases. In the first 6 months of 2005, there were 5,513 new chapter 13 cases filed. In the first half of 2006, only 2,425 new cases have been filed, a 56% decline. *Ceteris paribus*, one would expect hourly rates to decline in the face of lagging demand.

The Court recognizes that the October 17th changes have had a dramatic effect on filing rates. Lower case volume produces less efficiency in law practices. However, low levels of demand produce similar short-term inefficiencies in most business operations. In the long run, low demand should produce lower prices and the Court declines to ignore either market forces or the likely short-lived nature of this issue.

Nevertheless, because matters remain in transition, the Court will allow for an increase in attorney's rates that is circumscribed by the Consumer Price Index. Accordingly, notwithstanding general testimony that rates have increased by a greater percentage, the Court will allow a 6.7% overall increase in rates for attorneys and paralegals. This is equal to the percentage change in the Houston-Galveston-Brazoria area between April 2004 (when General Order 2004-5 was issued) and April 2006. BUREAU OF LABOR STATISTICS DATA, U.S. Department of Labor, Series ID: CUURA318SA0 (2006). Accordingly, hourly rates will be increased to $250.00 for attorneys and to $80.00 for paralegals.

Applying $250.00 per hour to the Court's estimated attorney time of 6.4 hours, the Court adopts $1,600.00 as the standard amount of lodestar attorney fees to be awarded. Applying $80.00 per hour to the Court's estimated paralegal time of 7.5 hours, the Court adopts $600.00 as the standard amount of lodestar paralegal fees to be awarded. The Court also increases the standard expense award by 6.7% to $85.00. This results in a total standard fee of $2,285.00.

For the reasons set forth in General Order 2004-5 (again unchallenged in Mr. Peake's motion and by any party at the May 4, 2006 hearing), the Court makes two upward adjustments. First, an upward adjustment of 15% is added to the total to compensate for the risk that the attorney's actual time will be greater than estimated time. Second, an upward adjustment of 20% is made based on the delay in payment and the risks that are attendant with the fact that fees will be paid over time. These upward adjustments total $800.00. Accordingly, the Court concludes that the fixed fee agreement will have a maximum allowed fee of $3,085.00. Similar adjustments have been made to post-confirmation fixed fee amounts.

**Order**

It is ordered that:

1.   The form attached as Addendum "A" is effective immediately.

2.   The maximum fixed fee for chapter 13 cases filed after entry of this Order is $3,085.00, including all expenses other than the filing fee. For cases dismissed before confirmation or within 120 days after confirmation, the maximum fixed fee is $2,700.00.

3.   The maximum fixed fee, including hourly fees and expenses, for representing debtors in motions for relief from the stay for which the first hearing date is more than 120 days following confirmation is $275.00.

4.   The maximum fixed fee, including hourly fees and expenses, for representing debtors in motions to dismiss filed by the chapter 13 trustee for which the first hearing date is more than 120 days following confirmation is $275.00.

5.   The maximum fee, including hourly fees and expenses, for filing a motion to modify a plan for which the first hearing is more than 120 days following confirmation is $450.00.

6.   Counsel in this District (whether charging on a fixed fee or an hourly fee basis) may be paid $100.00, including hourly fees and expenses, for attempting to obtain a discharge following upon completion of all chapter 13 payments. No application is required. The chapter 13 trustee shall reserve $100.00 out of the last funds to be distributed. The reserve shall be held for 90 days following the completion of all payments. If discharge services are not provided before the expiration of the 90 days, the $100.00 shall be paid to the debtor.

7.   Attorneys representing debtors on an hourly fee basis must comply with BLR 2016(c).

8.   Attorneys representing debtors on a fixed fee basis must complete and file an agreement, in the form attached as Addendum "A". No changes may be made to the form. The form must be filed not later than the 20th day following the date of (i) the petition in cases commenced as chapter 13 cases; or (ii) conversion of a case from chapter 7, whether such conversion is by notice or by order.

Signed at Houston, Texas on October 3, 2006.

Marvin Isgur
**UNITED STATES BANKRUPTCY JUDGE**

The following judges concur in the result and fully adopt the procedures set forth in this Order:

_____
Karen K. Brown, Chief
UNITED STATES BANKRUPTCY JUDGE

_____
Letitia Z. Clark
UNITED STATES BANKRUPTCY JUDGE

_____
Richard Schmidt
UNITED STATES BANKRUPTCY JUDGE

_____
Wesley W. Steen
UNITED STATES BANKRUPTCY JUDGE

_____
Jeff Bohm
UNITED STATES BANKRUPTCY JUDGE

16

ADDENDUM "A"
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**In re:** §       **Case No. _____**
§                    **(Chapter 13)**
§

**BANKRUPTCY RULE 2016(b) DISCLOSURE AND
APPLICATION FOR APPROVAL OF FIXED FEE AGREEMENT**

[NAME OF ATTORNEY] files this FED. R. BANKR. P. 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement.

1.      I have agreed to provide the following services to the Debtors on a fixed fee basis:

      A.      Counsel with the Debtors on an as needed basis.

      B.      Prepare and file a proposed chapter 13 plan and any required amendments to the plan.

      C.      Prepare and file the documents required by § 521 of the Bankruptcy Code and any required amendments.

      D.      Prepare and file miscellaneous motions required to protect the Debtors' interests in the case.

      E.      Prepare and file responses to motions filed against the Debtors—even if the response is a statement that the Debtors do not oppose the relief.

      F.      Attend the § 341 meeting.

      G.      Attend the confirmation hearing, if required under the circumstances, pursuant to an order entered in the chapter 13 case, or pursuant to local rules.

      H.      Advise the Debtors concerning their obligations and duties pursuant to the Bankruptcy Code, Bankruptcy Rules, applicable court orders and the provisions of their chapter 13 plan.

2.      The fixed fee agreement does not include the following services:

      A.      Representation of the Debtors in an adversary proceeding, either as a plaintiff or a defendant.

      B.      Representation of the Debtors in a contested matter, the subject of which is extraordinary in the context of chapter 13 cases in the United States Bankruptcy Court for the Southern District of Texas.

      C.      Representation of the Debtors in any matter in which the Court orders fee shifting pursuant to which fees are to be paid by a person other than the Debtors.

D.    Except as set forth in paragraph 4 below, representation on matters for which the first hearing is set more than 120 days following confirmation.

3.    I have agreed to the following fees and reimbursements:

A.    I have agreed to a fixed fee (including all expenses except reimbursement of the filing fee) in the amount of $_____[insert amount not to exceed $3,085.00]. I have received $_____ for representing the Debtor in this case. Therefore the balance due from the trustee as an administrative expense is $_____. I agree that if the case is dismissed before the plan is confirmed or less than 120 days after confirmation, the maximum fee allowed under this provision is $2,700.00.

B.    I have advanced the filing fee of $_____. [If no filing fees have been advanced, insert $0.00]. Therefore, in addition to the amounts set forth above, the trustee shall reimburse me that sum as an administrative expense of the estate.

C.    I will provide those services required after the Debtor makes the final payment required under the chapter 13 plan to assist my client in obtaining a chapter 13 discharge. When I provide those services, I will be paid an additional $_____ [insert amount not to exceed $100.00], including all hourly fees and expenses. If the services required to obtain the discharge are extraordinary, I may apply for additional fees.

4.    The following services will also be provided, if needed, on a fixed fee basis, including all hourly fees and expenses [check 0-3 boxes]. Payment may be made directly by the Debtors or through the confirmed plan:

A.    [  ]. Motions for relief from the stay for which the first hearing date is more than 120 days following confirmation and which are resolved by agreement. The fixed fee is in the amount of $_____[insert amount not to exceed $275.00].

B.    [  ]. Motions filed by the chapter 13 trustee seeking dismissal of the case, for which the first hearing date is more than 120 days following confirmation, and for which there is an agreement or no opposition. The fixed fee is in the amount of $_____[insert amount not to exceed $275.00].

C.    [  ]. Debtors' motion to modify plan for which the first hearing date is more than 120 days following confirmation. The fixed fee is in the amount of $_____[insert amount not to exceed $450.00].

5.    I have not shared or agreed to share any of the compensation paid or to be paid. The following sets forth all of the compensation that is being paid by any person or entity other than the Debtors. Describe: _____

_____

_____.

6.    Counsel certifications:

A.    I certify that the foregoing is a true and correct statement of the compensation that I have been paid or that has been agreed to be paid to me.

B.      I certify that the undersigned attorney (or another attorney supervised by the undersigned and who is licensed to practice law) met in person with the debtors for not less than 1 hour.  I understand that time spent exclusively with a paralegal or other person not licensed to practice law may not be included in the 1 hour.


Dated: _____          _____
                                        Counsel to the Debtors

**ADDENDUM "B"**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re: § Case No.
§

**DEBTORS CERTIFICATION,**
**MOTION FOR ENTRY OF CHAPTER 13 DISCHARGE**
**AND PROPOSED DISCHARGE ORDER**

**THIS MOTION SEEKS AN ORDER DISCHARGING THE DEBTORS PURSUANT TO § 1328(a) OF THE BANKRUPTCY CODE. IF YOU OPPOSE THE MOTION, YOU MUST FILE AN OBJECTION WITHIN 20 DAYS OF THE DATE LISTED BELOW IN THE CERTIFICATE OF SERVICE. YOUR OBJECTION MUST SET FORTH THE SPECIFIC FACTUAL ALLEGATIONS WITH WHICH YOU DISAGREE. IF NO TIMELY OBJECTION IS FILED, THE COURT MAY GRANT THE RELIEF.**

The Debtors move for entry of a discharge under § 1328(a) of the Bankruptcy Code.

1. By signing below, the Debtors certify under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

A. We have completed the personal financial management instructional course from an agency approved by the United States Trustee. A copy of Official Form 23 is attached.

B. If I owe a debt arising from (a) any violation of any state or federal securities laws, regulations or orders; (b) fraud, deceit or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security; (c) a civil remedy under § 1964 of title 18; or (d) a criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years, then I have not claimed an exemption for my residence in an amount in excess of $125,000.

C. All amounts payable by me on a domestic support obligation, that are due through this date (including amounts due before the petition was filed in this case, but only to the extent provided for by the plan) have been paid;

D. I have not received a discharge in a case filed under chapter 7, 11 or 12 of the Bankruptcy Code during the four-year period before the date that my petition was filed in this case;

4

E.      I have not received a discharge in a case filed under chapter 13 of the Bankruptcy Code during the two-year period before the date that my petition was filed in this case;

F.      No criminal proceeding is pending against me alleging that I am guilty of a felony; and

G.      No civil case is pending against me alleging that I am liable for any (a) violation of the Federal securities laws, any State securities law, or any regulation or order issued under Federal securities laws or State securities laws; (b) fraud, deceit or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security; (c) civil remedy under § 1964 of title 18; or (d) criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years.

2.      I have made all payments required by my confirmed chapter 13 plan.

Signed: _____      _____
        Debtor's Signature                   Date


        _____      _____
        Spouse's Signature (in Joint Case Only)   Date


[Signature Block for Attorney]


## Certificate of Service

On _____, a copy of this pleading was served on each of the persons listed on the attached service list by (i) prepaid United States Mail; or (ii) electronic service via the Court's ECF system.

                                    _____
                                    Signature

5